**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 05 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TENECIA REED**                                                      **PLAINTIFF**

vs.                              No. 4:20-cv-717-LPR

**CATERPILLLAR, INC.**                                                **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tenecia Reed ("Plaintiff"), by and through her attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Caterpillar, Inc. ("Defendant"), she states as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week and Defendant's failure to pay Plaintiff the same wages as her male counterparts.

2.   Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims and/or Civil Rights Act claims alleged in this Complaint; therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.   Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7.   The witnesses to overtime wage violations alleged in this Complaint reside in this District.

8.   On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.   THE PARTIES

9.   Plaintiff is a resident and citizen of Pulaski County.

10.   Defendant is a foreign, for-profit corporation, registered to do business in the State of Arkansas.

11.   Defendant's registered agent for service of process in Arkansas is CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## IV.    FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14.    Defendant is a leading manufacturer of construction and mining equipment, diesel and natural gas engines, industrial turbines and diesel-electric locomotives.

15.    Defendant operates facilities worldwide, including a facility in Arkansas where Plaintiff worked.

16.    During the time period relevant to this case, Plaintiff was employed at Defendant's manufacturing facility in North Little Rock.

17.    Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

18.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

19.    Plaintiff was employed by Defendant as an hourly employee within the three (3) years preceding the filing of this Original Complaint.

20.    Specifically, Plaintiff was employed by Defendant from May of 2018 to May of 2019 as a Manufacturing Associate and then as a Supervisor.

21. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

22. Most or all of the other Supervisors at Defendant's North Little Rock facility were male.

23. Plaintiff received less pay than her male co-workers who performed the same duties that she did.

24. Plaintiff complained to her supervisors about the discrepancy between her pay and that of her male co-workers who performed the same work.

25. Plaintiff regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

26. Plaintiff was classified as an hourly employee and paid an hourly rate.

27. Plaintiff also paid non-discretionary cash awards and bonuses on a regular basis when certain objective and measurable criteria were met.

28. In addition, Defendants paid Plaintiff one-and-one-half (1.5) times her base hourly rate for each hour she worked over forty (40) in a workweek.

29. However, Defendant did not include the bonuses and cash awards paid to Plaintiff in her regular rate when calculating her overtime pay.

30. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31. Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff in her regular rate when calculating her overtime pay.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

33. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

34. 29 U.S.C. § 207 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

35. Defendant violated Section 778.208 of Title 29 of the CFR by not including non-discretionary bonuses in Plaintiff's regular rate when calculating her overtime pay.

36. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

37. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorneys' fees as provided by the FLSA.

38. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated § 11-4-201, *et seq.*

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

42. AMWA Section 211 requires employers to pay all employees 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

43. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

44. Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

45. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

46. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorneys' fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   THIRD CLAIM FOR RELIEF
### (Violation of the Equal Pay Act)

48.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49.   The FLSA prohibits an employer from paying any employee at a rate less than the rate at which he pays wages to employees of the opposite sex for equal work. 29 U.S.C. § 206(d) (the "Equal Pay Act").

50.   Defendant violated the Equal Pay Act by assigning Plaintiff to perform the duties of a Supervisor while paying her less than male colleagues of like experience who performed the same work.

51.   By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid minimum wages, liquidated damages, and costs, including reasonable attorneys' fees as provided by the FLSA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tenecia Reed respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B.   A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.   A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

D.   Judgment for damages for all unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.  Judgment for damages for all unpaid wages under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

F.  Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

G.  Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.  An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorneys' fees and all costs connected with this action; and

I.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TENECIA REED**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com